UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DISTRICT

2023 MAR 13 A 10: 03

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

GEORGE D. METZ II

Civil Case No. 1:22-CV=00056=ECM-SMD

Plaintiff,

vs.

D. BRIDGES, et al.,

Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION**

George D Metz II Pro Se
4980 se 140th st
Summerfield FL 34491
Email: patriotdiscussions@gmail.com

Pursuant to 28 U.S.C. 636(b)(1) and Federal Rule Of Civil Procedure 72(b)(2), Plantiff George Metz replies to defendants objections to the recommendation of the Magistrate Judge

## INTRODUCTION

Plantiff George Metz was exercising his right to freedom of the press, a susposed non-existant right. Defedants proceed to assume my intentions and goals, while asserting that it is unlawful for me to record in public lobbies of public buildings. Defense then pontificates that i would need to renew my license if i wanted to do a story on the DMV, otherwise i wouldnt be there for service and have no right to do a story there. They mistakenly believe that any and every order has to be obeyed as a lawful order. How easy would it be to cover up corruption by telling the reporter to leave a place he is legally allowed to be at. The first amendment prohibits the government from "limiting the stock of information from which members of the public may draw" (First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765, 783 (1978)). Houchins, 438 U.S. at 16(Stewart, J., concurring) (noting that the Constitution "assure[s]the public and the press equal access once government has opened its doors"). Because I was legally allowed to be in the public lobby, they had no authority to ask me to leave. Because my journalist activites "were peaceful, not performed in derogation of any law, and done in the exercise of his First Amendment rights, [the officer] lacked the authority to stop them." (Iacobucci v. Boulter, 193 F.3d 14(1st Cir. 1999)).

1

**OBJECTIONS**

**A. Circumstances that confronted Ofc Bridges and Dodson**

**1. Information known to officers**

The defense starts out with trying to say that folks information is confidential without telling the whole story. Yes the clients information is protected from disclosure with regards to record requests. Not so much meaning they have to have a bag over their face so no one can see them. They go on to say DHR does not allow people to film their clients and sadly for them there is no privacy in public. They make a claim that folks wont seek services if they are being recorded but provide no proof of that claim. They go to say how DHR only allows those they service to use their lobbies, but as the case i cited in the introduction states, when the government opens its doors it opens them for everyone. Clearly words matter in law, so im unsure why they thought i needed an ID as i was not asking to be "seen". However the pictures do show me recording information of public interest to disseminate at a later time. The defense says that the DHR guard gives me nine orders to leave, however the dialog says different. She did ASK me 9 times to please leave, but never gave me an order or command to leave. Even if she did, according to Alabama Statute 13A-7-4 the order has to be lawful and given by the owner or authorized representitive. An order telling a journalist to stop filming in a place he is legally allowed to be in is not lawful and would tend to lean towards prior restraintant. Nothing seen on video was disruptive of us, we impeded no business, the door was locked way after we were put in handcuffs and sitting on the seats.

2

The defense wants to talk about collective knowledge but fails to explain how three people with no RAS turns into one person with RAS. Public property being different then private property when dealing with trespassing. The first thing being that citizens have a constitutional protected liberty interest in public property being part owners.  "Plaintiffs have a constitutionally protected liberty interest to be in parks or on other city lands of their choosing that are open to the public generally." Catron v. City of St. Petersburg, 658 F. 3d 1260, 1266 (2011) quoting  City of Chicago v. Morales, 527 U.S. 41, 119 S.Ct. 1849, 1858, 144 L.Ed.2d 67 (1999) (plurality opinion) (citations omitted) ("[A]n individual's decision to remain in a public place of his choice is as much a part of his liberty as the freedom of movement inside frontiers that is `a part of our heritage,' or the right to move ` to whatsoever place one's own inclination may direct.'")

What officer bridges knew was that, two citizens were in a publicly accessable lobby, engaged in constitutional protected activity (Free Press). Even if we assume that the caller told the dispatch that i wouldn't leave, Ofc Bridges still needed to find out 1. was the order lawful (did they ask him to leave because he was white) 2. Was an order given or did you just ask?  3. was the lawful order given by the owner or authorized rep? These need answered before Ofc Bridges can catch a whiff of RAS for trespassing. And even if he were giving me a trespassing warning, i am still not obligated to give him an ID for that being as a warning is a civil not criminal matter. The defense had collective knowledge of nothing coming close to a crime and when Ofc Dodson showed up he got a dose of no RAS as well. The defense tries to say it was a legit search incident to arrest but we know better. The two main goals of the search incident to arrest is 1. officer safety, discover any weapons and 2. Save any evidence pertaining to the crime. In this case Ofc Dodson's actions and words clearly show he was looking for ID only.

3

> In Iowa V Knowles 525 U.S. 113 (1998). we find "two historical rationales for the 'search incident to arrest' exception:
> (1) the need to disarm the suspect in order to take him into custody, and
> (2) the need to preserve evidence for later use at trial."'

The precedent has always been there in the intent of the right itself, the right of free press has and will always be the right to watch over our public employees and bring their actions to the bar of public opinion so that citizens can make informed choices about who is running their lives. How silly are we, to believe the 11th circuit meant "recording public officials in matters of public interest" meant recording public officials walk from their car into the building? No what we find is a ruling in line with the intent of the right to free press, the right to record our public employees in the course of their duties from an area we are allowed to be in.

Ofc Bridges had no reasonable suspicion of a crime, not for filming in a public area or for trespassing after warning, which he would need to trigger the "suspected of a crime" element of 15-5-30 and demand my ID. The defense knows it dont have reasonable suspicion for a trespass warning much less a criminal trespassing after charge, they prove this by bringing the authorized rep out to order me to leave at 38:55 which they would not have done if that thought they had reasonable suspicion before then.

The public forum doctrine is misplaced here as recording is a non expressive activity and not regulated by a doctrine that regulates expressive activity. Gordon Price v. Merrick Garland, No. 21-5073 (D.C. Cir. 2022) We cant be trespassed for exercising our right to free press. A right so well established and clearly defined as to its intent of "shaming our public officials into doing what is noble" (1774 letter to the inhabitants of Quebec), no american should be without the understanding of "it enables any citizen to bring any person in authority to the bar of public opinion and compell them to submit to an examination and criticism of conduct" (Cooleys general principals of constitutional law 1898 pg 301).

4

George D Metz II Pro Se
4980 S.E. 140th street
Summerfield FL 34491
352-446-8145
patriotdiscussions@gmail.com

# CERTIFICATE OF SERVICE

I hearby certify that on this the 10th day of March 2023, I have overnighted copies of this response

to the Clerk of the Court and to the following:

James H Pike
P.O. Box 6346
Dothan, AL 36302-6346
334-677-3000 Tele
334-677-0030 Fax
Email: jpike@shealypikelaw.com

Joe E Herring Jr
ASST City Attorney
P.O. Box 2128
Dothan, AL 36302-2128
334-615-3130 Tel
334-615-3139 fax
Email: jeherring@dothan.org

/s/ George D. Metz II
Pro Se

FROM:

George Metz
4980 SE 140th St
Summerfield FL
34491


U.S. POSTAGE PAID
FCM LG ENV
SUMMERFIELD, FL
34491
MAR 10, 23
AMOUNT
$1.74
R2304H109294-02

TO:

Clerk of courts
one church St
Montgomery AL
36104

Utility Mailer
10 1/2" x 16"

