IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE METZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-cv-56-ECM |
| | ) | (wo) |
| D. BRIDGES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Recommendation of the Magistrate Judge (doc. 40), recommending denial of a motion to dismiss (doc. 10), and on the Defendants' objections thereto (doc. 41).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds that the objections are without merit and due to be overruled and that the motion to dismiss is due to be denied.

Plaintiff George D. Metz, II ("Metz") filed a *pro se* complaint asserting claims against D. Bridges ("Bridges") and J. Dodson ("Dodson") in their individual capacities. Metz has brought claims pursuant to 42 U.S.C. §1983 for illegal seizure against Bridges and for illegal search against Dodson, arising from the alleged seizure and search of Metz after he had recorded video within the Department of Human Resources ("DHR") building in Dothan, Alabama. The Defendants have invoked the defense of federal qualified immunity.

The Magistrate Judge, considering the allegations of the complaint and the incorporated video footage, concluded that neither Defendant was entitled to qualified immunity because Bridges lacked arguable reasonable suspicion to detain Metz and because Dodson's search of Metz went beyond the scope of a reasonable search pursuant to a detention based on reasonable suspicion. (Doc. 40).

The Defendants have objected, arguing that the Recommendation did not identify existing controlling precedent that would have alerted every reasonable officer that the Fourth Amendment prohibited the officers' conduct.  The Defendants also criticize the Recommendation's First Amendment analysis.[1]

This Court begins with the objections regarding the recommended disposition of the motion to dismiss the illegal search claim against Dodson.  The Defendants apparently concede that the search exceeded the scope of a permissible search pursuant to a *Terry*[2] investigative stop, because they argue that Metz did not meet his burden to show that no reasonable officer could have believed that Dodson could search Metz incident to arrest. (Doc. 41 at 30).  The Defendants' argument is that by the time Dodson searched Metz, Metz had refused to obey Bridges' orders to identify himself and both officers had learned that Metz had refused to leave when ordered to do so by a DHR security guard before they arrived.  The Defendants contend, therefore, that Bridges had arguable probable cause to

---

[1]  The motion to dismiss is due to be denied as to the Fourth Amendment claims even without considering any First Amendment issues, and there is no First Amendment claim, therefore, this Court expresses no opinion on the First Amendment analysis within the Recommendation or the objection to it.
[2] *Terry v. Ohio*, 392 U.S. 1 (1968).

2

arrest Metz for trespass and for failure to follow Bridges' orders and Dodson's search was incident to that lawful arrest.

The Supreme Court has analyzed an arrest made when a suspect refuses to produce identification and has held that although a person stopped in a *Terry* investigative stop is not required under the Fourth Amendment to answer questions, a "state law requiring a suspect to disclose his name in the course of a **valid** *Terry* stop is consistent with Fourth Amendment prohibitions against unreasonable searches and seizures." *Hiibel v. Sixth Judicial Dist. of Nevada, Humboldt Cty.*, 542 U.S. 177, 187 (2004)(emphasis added). In this case, Alabama has such a statute. *See* ALA. CODE §15-5-30. Therefore, a reasonable officer only could conclude that the arrest of Metz, and the search incident to that arrest, were proper if the facts alleged regarding the initial stop of Metz by Bridges support a finding of a valid *Terry* stop. *See Michigan v. DeFillippo*, 443 U.S. 31, 39–40 (1979)("Once respondent refused to identify himself as the presumptively valid ordinance required, the officer had probable cause to believe respondent was committing an offense in his presence. . . . The search which followed was valid because it was incidental to that arrest.").

Contrary to the Defendants' position, the detention of Metz, which the Defendants characterize as an arrest, is alleged in the complaint to have occurred when Bridges placed Metz in handcuffs. (Doc. 1 at 8). The complaint alleges, and the video reveals, that Bridges placed Metz in handcuffs within minutes, even before Dodson arrived on the scene. (*Id.*). There are no facts alleged in the complaint, or revealed in the video, which show what Bridges knew about Metz's encounter with anyone at DHR before Bridges arrived. (*Id.*).

Therefore, the facts as alleged in the complaint do not support the Defendants' theory of a valid *Terry* stop.  At the motion to dismiss stage, given the facts as alleged in the complaint and in the incorporated video, there was no arguable reasonable suspicion of trespass upon which to base a *Terry* stop.  Because the lack of arguable reasonable suspicion to detain Metz also undermines the lawfulness of the arrest for failure to produce identification, *see Hiibel*, 542 U.S. at 188, a reasonable officer would know that the search incident to arrest also was not authorized by the Fourth Amendment.  *See DeFillippo*, 443 U.S. at 39–40.

  The Court notes that the Defendants also have argued that the Eleventh Circuit's adoption of what the Defendants characterize as a "total-absence-of-caselaw method" to deny qualified immunity is inconsistent with Supreme Court precedent. (Doc. 41 at 31-3).  The Eleventh Circuit's decisions, however, are binding on this Court, and, therefore, this Court must deny a motion to dismiss on qualified immunity grounds if a plaintiff shows that "the conduct at issue so obviously violated the Constitution that prior case law is unnecessary." *J.W. ex rel. Williams v. Birmingham Bd. of Educ*., 904 F.3d 1248, 1259-60 (11th Cir. 2018).  This method, "the 'obvious clarity' scenario, is a 'narrow exception' to the 'normal rule that only case law and specific factual scenarios can clearly establish a violation.'" *Id.*  The law was clearly established by *Hiibel,* 542 U.S. at 188, that an arrest for failure to follow an order to identify oneself can only follow a valid *Terry* stop, and by *DeFillippo,* 443 U.S. at 39-40, that a search must be incident to a valid arrest.  At the motion to dismiss stage, given the facts as alleged in the complaint and in the incorporated video, qualified immunity is due to be DENIED.

  Accordingly, it is hereby ORDERED as follows:

4

1. The Objections (doc. 41) are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge (doc. 40).

3. The motion to dismiss (doc. 10) is DENIED.

Done this 24th day of March, 2023.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE