IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE D. METZ, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00056-ECM-SMD |
| | ) |
| **D. BRIDGES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER TO COMPLAINT

Defendants David Bridges and Justin Dodson (collectively "the Defendants") answer the complaint (Doc. 1) as follows.

### I. The Parties to the Complaint

A.  The Plaintiff

The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Section I(A).

B.  The Defendants

The Defendants admit they were employed as police officers by the City of Dothan, Alabama, on June 4, 2020. The Defendants deny the remaining allegations of Section I(B).

### II. Basis for Jurisdiction

The Defendants admit the Court has subject matter jurisdiction over this action. The Defendants deny the remaining allegations of Section II, if any.

1

### III. Statement of Claim

Section III states, "see Attachment." See the Defendants' Response to the Attachment, below.

### IV. Alleged Injuries

Section IV states, "see Attachment." See the Defendants' Response to the Attachment, below.

### V. Relief Requested

Section V states, "see Attachment." See the Defendants' Response to the Attachment, below.

### The Defendants' Response to the Attachment

1. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1.

2. The Defendants admit the allegations of paragraph 2.

3. The Defendants admit the allegations of paragraph 3.

4. The Defendants admit the allegations of paragraph 4.

5. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

*Factual Allegations*

6. The Defendants admit that Metz and another man went to the Houston County office of the Alabama Department of Human Resources on June 4, 2020. The Defendants admit the office is located at 1605 Ross Clark Circle, Dothan,

Alabama 36301. The Defendants deny the remaining allegations of paragraph 6, if any.

7. The Defendants admit that within twenty seconds of Metz and the other man entering the building, the DHR security guard ordered them to leave because they were filming. The Defendants deny the remaining allegations of paragraph 7, if any.

8. The Defendants admit Metz told the guard that the DHR building was a "public office". The Defendants deny the remaining allegations of paragraph 8.

9. The Defendants admit Officer Bridges arrived at 7:02 on Metz's video and received some information from a DHR employee. The Defendants admit that as part of his investigation Officer Bridges asked Metz and the other man for identification at 7:37 on Metz's video. The Defendants deny the remaining allegations of paragraph 9, if any.

10. The Defendants admit that Officer Bridges handcuffed Metz and the other man beginning at 8:16 on Metz's video. The Defendants deny that Officer Bridges had not conducted any investigation. The Defendants deny that Officer Bridges did not suspect a crime. The Defendants deny the remaining allegations of paragraph 10, if any.

11. The Defendants admit that Officer Dodson, Sgt. Joey Evans, and a third officer arrived at 22:40 on Metz's video. The Defendants deny the remaining allegations of paragraph 11, if any.

12. The Defendants admit that at 23:25 on Metz's video, Sgt. Evans and Officer Dodson walked around a corner to talk with DHR staff. The Defendants deny the remaining allegations of paragraph 12, if any.

13. The Defendants admit Officer Dodson returned to the lobby at 24:17 on Metz's video. The Defendants admit Officer Dodson did not administer a *Miranda* warning to Metz or the other man. The Defendants deny the remaining allegations of paragraph 13.

14. The Defendants admit Sgt. Evans was present during part of Metz's conversation with Officer Dodson, but not the entire conversation. The Defendants admit Sgt. Evans was present when Metz said he was a journalist and when Metz mentioned "*Smith v. Cumming*". The Defendants deny the remaining allegations of paragraph 14, if any.

15. The Defendants admit that at 39:41 Officer Dodson ordered Metz to stand. The Defendants deny Officer Dodson conducted an illegal search of Metz's pockets. The Defendants admit Metz stated "inside the pocket – that's not a *Terry*" while Officer Dodson was interacting with the other man. The Defendants deny the remaining allegations of paragraph 15, if any.

16. The Defendants deny the allegations of paragraph 16.

17. The Defendants admit Sgt. Evans spoke to Metz and the other man at 44:25 on Metz's video. The Defendants deny the officers knew Metz had not broken any laws. The Defendants also deny Metz's allegation that he had not broken any laws. The Defendants admit Metz remained handcuffed for another eighteen minutes. The Defendants deny the remaining allegations of paragraph 17, if any.

18. The Defendants admit Metz claimed he was a journalist, Metz claimed he was doing a story, and Metz claimed he had the right to film anywhere the public was allowed to go. The Defendants deny the remaining allegations of paragraph 18, if any.

19. The Defendants admit Metz explained his interpretation of time, place, and manner restrictions. The Defendants deny Metz's interpretation was correct. The Defendants deny the remaining allegations of paragraph 19, if any.

20. The Defendants deny the allegations of paragraph 20.

21. The Defendants admit Alabama Code § 15-5-30 authorizes a police officer to "stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and . . . demand of him his name, address and an explanation of his actions." The Defendants deny the remaining allegations of paragraph 21.

*Count I – Illegal Seizure / False Arrest Claim Against Officer Bridges Only*

22. The Defendants deny the allegations of paragraph 22.

23. The Defendants deny the allegations of paragraph 23.

24. The Defendants deny the allegations of paragraph 24.

*Count II – Illegal Search Claim Against Officer Dodson Only*

25. The Defendants deny the allegations of paragraph 25.

26. The Defendants deny the allegations of paragraph 26.

27. The Defendants deny the allegations of paragraph 27.

*Other Matters*

28. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

*Relief Sought*

29. The Defendants deny the allegations of paragraph 29, including the allegations of subparagraphs (a) through (e).

**Defense**

The Defendants plead the qualified immunity defense against both counts.

        */s/ James H. Pike*
        James H. Pike
        Alabama State Bar Number ASB-5168-P63J
        SHEALY, PIKE & HORNSBY
        P.O. Box 6346
        Dothan, Alabama 36302-6346
        Telephone (334) 677-3000
        Facsimile (334) 677-0030
        jpike@shealypikelaw.com

        *Attorney for Defendants David Bridges and Justin Dodson*

## Certificate of Service

I, James H. Pike, certify that on April 6, 2023, I electronically served this document upon:

Joe E. Herring, Jr.
Assistant City Attorney
The City of Dothan, Alabama
P.O. Box 2128
Dothan, Alabama 36302-2128

I further certify that on April 6, 2023, I mailed a copy of this document, postage prepaid and properly addressed:

George D. Metz, II
4980 SE 140th Street
Summerfield, Florida 34491

        */s/ James H. Pike*
        James H. Pike