#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF ALABAMA
#### SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE D. METZ, II,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00056-ECM-SMD |
| | ) | |
| **D. BRIDGES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### RESPONSE TO ORDER TO SHOW CAUSE

In response to the Court's order of January 13, 2025, (Doc. 58), Officers David Bridges and Justin Dodson contend that pursuant to the court of appeals' opinion (Doc. 56 at 3–13) and mandate (Doc. 57 at 2–3), the Court should dismiss this action with prejudice based on qualified immunity and enter a final judgment in the Officers' favor. *See Cote v. Philip Morris USA, Inc.*, 985 F.3d 840, 846 (11th Cir. 2021) ("The mandate rule prohibits a district court from altering, amending, or examining our mandate or giving any further relief or review.").

**1. The law of the case doctrine and mandate rule require dismissal.**

After considering the videos of the incident, the court of appeals held, "the Officers are entitled to qualified immunity," (Doc. 56 at 11[1], § IV, ¶ 1), and "the district court erred in denying the Officers qualified immunity," (Doc. 56 at 11, §

---

[1] This citation refers to the ECF-assigned page number.

1

V). "The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270–71 (11th Cir. 2009). The Officers contend that any action by this Court "giv[ing] any further relief or review" would violate the law of the case doctrine and the mandate rule. *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) ("A trial court, upon receiving the mandate of an appellate court, *may not* alter, amend, or examine the mandate, or *give any further relief or review*, but must enter an order in strict compliance with the mandate.") (emphasis added). The Officers respectfully contend that under the law of the case doctrine and the mandate rule, this Court must dismiss this action with prejudice based on qualified immunity.

## 2. The Court should not grant Metz leave to amend.

The Officers acknowledge the caselaw which holds that "'a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). However, Metz is not entitled to leave to amend for three reasons.

First, as already discussed, the law of the case doctrine and the mandate rule prevent the Court from "giv[ing] any further relief or review" to the qualified immunity issue. *Piambino*, 757 F.2d at 1119. The court of appeals specifically held, "the Officers are entitled to qualified immunity." (Doc. 56 at 11[2], § IV, ¶ 1.) Metz did not file a petition for rehearing or otherwise challenge the court of appeals' ruling.

Second, "The courts are bound not only by explicit findings, but by those matters decided by necessary implication." *Barber v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers, Dist. Lodge No. 57*, 841 F.2d 1067, 1072 (11th Cir. 1988). The Officers addressed the amendment issue in their initial appellate brief. (Ex. 1 at 70[3], § I(F).) The Officers argued that "an amendment would be futile" and asked the court of appeals "to order the district court to dismiss this action with prejudice and not to grant Metz leave to amend." (Ex. 1 at 70, § I(F).) Metz did not respond to the Officers' argument and, therefore, forfeited the issue. *See Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) ("Failure to offer any argument on an issue in a brief abandons that issue."). By holding that "the Officers are entitled to qualified immunity," (Doc. 56 at 11), the court of appeals implicitly decided that Metz is not entitled to leave to amend.

---

[2] This citation refers to the ECF-assigned page number.
[3] This citation refers to the ECF-assigned page number.

Third, an amendment would be futile. "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). The pertinent events were captured on videos. (Docs. 11-1, 42-1.) Even if Metz amended his complaint, the Court would still be required to credit the videos. *See Johnson v. City of Atlanta*, 107 F.4th 1292, 1298–1301 (11th Cir. 2024); *Baker v. City of Madison*, 67 F.4th 1268, 1276–78 (11th Cir. 2023). And the court of appeals has held that the facts depicted in the videos show that the Officers are entitled to qualified immunity. (Doc. 56 at 3–13.) "This is not a case where the plaintiff has pleaded too little, but where he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them." *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940). Because an amendment would be futile, the Court should not grant leave to amend.

### 3. Metz forfeited any argument against dismissal.

The Officers further contend that to the extent Metz failed to respond to this Court's show cause order, Metz has doubly forfeited any argument against dismissal. *See, e.g., McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020) ("Generally, arguments are considered 'waived' when they are not raised in the

district court."); *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1152 (11th Cir. 2011) ("It is well settled that issues not raised in the district court in the first instance are forfeited."); *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.").

WHEREFORE, Officers Bridges and Dodson ask the Court to dismiss this action with prejudice based on qualified immunity and to enter a final judgment in their favor.

/s/ James H. Pike
James H. Pike
Alabama State Bar Number ASB-5168-P63J
SHEALY, PIKE & HORNSBY
P.O. Box 6346
Dothan, Alabama 36302-6346
Telephone (334) 677-3000
Facsimile (334) 677-0030
jpike@shealypikelaw.com

*Attorney for Defendants David Bridges and Justin Dodson*

**Certificate of Service**

I, James H. Pike, certify that on January 27, 2025, I electronically served this document upon:

Joe E. Herring, Jr.
Assistant City Attorney
The City of Dothan, Alabama
P.O. Box 2128
Dothan, Alabama 36302-2128

I further certify that on January 27, 2025, I mailed a copy of this document, postage prepaid and properly addressed:

George D. Metz, II
15301 NW 188th Street
Alachua, Florida 32615

>                  */s/ James H. Pike*
>                  James H. Pike